IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWIN GUS SCHNEIDER | § | |
| #10165747 | § | |
| v. | § | C.A. NO. C-12-233 |
| | § | |
| JIM KAELIN, ET AL. | § | |

## OPINION DISMISSING CERTAIN CLAIMS AND RETAINING CASE

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's Eighth Amendment claims alleging excessive force against certain correctional officers are retained, and service is ordered on these defendants. Plaintiff's remaining claims are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(B)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of plaintiff, (D.E. 13), this action was referred to a United States Magistrate Judge to conduct all further pleadings, including entry of final judgment.  (D.E. 14); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"); however, he has been confined at the Nueces County Jail since December 28, 2011, on a bench warrant for a robbery charge that proceeds to trial this month.
He filed this lawsuit on July 17, 2012, alleging that, on April 4, 2012, defendants used excessive force against him.  (D.E. 1).  Plaintiff named as defendants: (1) Jim Kaelin, the Nueces County Sheriff; and (2) Lieutenant H. Gomez, a correctional officer at the jail.  Id.

A Spears[1] hearing was held on August 8, 2012.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing.

On April 4, 2012, at approximately 10:00 a.m., plaintiff was in the #10 holding cell at the Nueces County Jail.  A dispute arose between Lieutenant Gomez and plaintiff when she denied him a telephone call.  In response, plaintiff kicked the cell door.  Lieutenant Gomez then told plaintiff that, because he kicked the door, both his telephone and shower privileges were denied, and that he could not have his legal materials.  In response to these restrictions, plaintiff again kicked the cell door.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

Thereafter, Lieutenant Gomez, along with other members of the "jet team," identified as Officers Haller, Martinez, and Sorenson, approached plaintiff's cell. When plaintiff saw the officers, he moved to the back of the cell, faced the back wall, and went down on both knees with his hands behind his back. Lieutenant Gomez did not give him any instructions to follow or issue any warnings. The officers then entered the cell and slammed plaintiff into the back wall, while hitting him with their fists on his head, neck and knees. Two officers took him to the ground while a third officer placed restraints on his arms and legs. Plaintiff, who has hardware in his neck from a prior surgery, told the officers that they were causing him pain, but they still hit him on the neck during the use of force.

Following the use of force, plaintiff was taken to the infirmary where he was seen by a nurse who took his blood pressure and heart-rate, and then released him. Approximately one week later, he was seen in the infirmary for continuing pain, and he was prescribed pain medication and x-rays were taken. Plaintiff's neck x-rays did not reveal a fracture; however, he continues to experience a stinging sensation in his neck with any movement following the use of force. Moreover, he is concerned that he has suffered a slipped disc or nerve damage, and he wants an MRI.[2]

On April 12, 2012, plaintiff filed a grievance with jail officials complaining about the incident and asking for an investigation into the use of force. He also requested that Lieutenant Gomez be enjoined from having any further contact with him. In an April 30, 2012 response, plaintiff was advised that the matter was still being investigated.

---

[2] Plaintiff testified that he intends to sue certain jail medical personnel for deliberate indifference to his serious medical needs arising from the use of force incident, but he is not bringing those claims in this action because he has not yet exhausted his administrative remedies.

At the hearing, plaintiff indicated that he wanted to name as defendants all of the officers that participated in the use of force. His request was construed as a motion for leave to amend his complaint to name additional defendants, and was granted.

For relief, plaintiff wants criminal charges filed against the officers and those responsible. Moreover, he seeks medical care, including an MRI of his neck, as well as $10,000 for pain and suffering.

### III.  DISCUSSION

Plaintiff contends that the April 4, 2012 use of force was "completely unjustified," and was used as punishment for his kicking the cell door, in violation of the Eighth Amendment. He claims that Lieutenant Gomez violated his constitutional rights by ordering and participating in the use of force, and that Officer Haller, Officer Martinez, and Officer Sorenson violated his Eighth Amendment rights when they slammed him into the wall and hit him while putting on the restraints. He claims also that the force employed was in violation of Jail policy. Plaintiff claims that Jim Kaelin, as the Sheriff of Nueces County, is liable for his injuries because as sheriff, he is responsible for his staff. Finally, plaintiff claims that Lieutenant Gomez called the use of force in retaliation for his kicking the door.

**A.     The Legal Standard For Screening Inmate Civil Rights Actions.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487

U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff's Excessive Force Claims Against Lieutenant Gomez, Officer Haller, Officer Martinez, And Officer Sorenson Are Retained.**

To prevail on an excessive force claim, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)); accord Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999) (citing Hudson). The factors to be considered are "1. the extent of the injury suffered; 2. the need for application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any effort made to temper the severity of a forceful response." Gomez, 163 F.3d at 923 (internal quotations and citation omitted).

For purposes of § 1915A screening, plaintiff has alleged sufficient facts to state a claim of excessive force against Lieutenant Gomez, Officer Haller, Officer Martinez, and Officer Sorenson. He testified that, when he observed the officers approaching his cell, he immediately submitted to their authority by kneeling on the ground with his hands behind his back to be placed in restraints, thus posing no physical threat to the officers. Taking his allegations as true, there would have been no reason for the defendant officers to slam plaintiff to the ground and hit

him with fists on the neck, head, and knees.  Thus, plaintiff has stated viable claims against these defendants, and service will be ordered on these four individuals in their individual capacities.[3]

Plaintiff claims that Lieutenant Gomez violated jail policy when she ordered the use of force but failed to properly admonish or warn plaintiff before the force was employed.  However, a prison official's failure to follow the institution's own policies, procedures, or regulations does not in-and-of itself constitute a constitutional violation.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam); Williams v. Treen, 671 F.2d 892, 900 (5th Cir. 1982). Accordingly, this claim against defendant Gomez for failure to adhere to policy is dismissed.

Plaintiff has sued defendant Kaelin alleging that, as sheriff of Nueces County, he is responsible for the actions of his subordinates and staff.  However, § 1983 does not create supervisory or *respondeat superior* liability.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.  Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999)).  Supervisory officials may be held liable only if they

---

[3] To the extent plaintiff sought to sue the named defendants in their official capacities for monetary relief, those claims are effectively, municipal liability claims against Nueces County.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985).  For a municipality to be liable pursuant to § 1983, there must be: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001); accord Irby v. Nueces County Sheriff, 790 F. Supp. 2d 552, 562 (S.D. Tex. 2011).  These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself."  Piotrowski, 237 F.3d at 578; accord Kemppainen v. Aransas County Detention Center, 626 F. Supp. 2d 672, 677 (S.D. Tex. 2009); Irby, 790 F. Supp. 2d at 562.

The Fifth Circuit has announced that "[a]n official policy for § 1983 purposes may be either a written policy or 'a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'"  Lawson v. Dallas Cnty., 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)); accord Irby, 790 F. Supp. 2d at 562-63; Kemppainen, 626 F. Supp. 2d at 677.  There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right.  Lawson, 286 F.3d at 263; accord Irby, 790 F. Supp. 2d at 562-63.  An isolated incident is insufficient to show a custom.  Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc) (citations omitted); accord Irby, 790 F. Supp. 2d at 562-63.

Plaintiff has not alleged any policy, nor is the isolated incident alleged sufficient to establish a custom.

(1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. Id. at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff makes no allegations against Sheriff Kaelin that he either was personally involved in the excessive force, or that he instituted an unconstitutional policy. Accordingly, considering the facts in the light most favorable to plaintiff, he still fails to state a claim of excessive force against defendant Kaelin, and therefore, his claim against this defendant is dismissed.

### C. Plaintiff's Retaliation Claim Is Without Merit.

Plaintiff maintains that Lieutenant Gomez ordered the use of force in retaliation for plaintiff kicking the cell door.

Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. See Perry v. Sinderman, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995) (citation omitted). However, the Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." Adeleke v. Fleckenstein, 385 F. App'x 386, 387 (5th Cir. 2010) (per curiam) (unpublished) (citing Wood, 60 F.3d at 1166).

The Fifth Circuit has explained that "[t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusionary allegations of retaliation will not withstand a summary judgment challenge." Woods, 60 F.3d at 1166 (citation omitted). The Fifth Circuit has further explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

Plaintiff claims that defendant Gomez ordered the use of force in retaliation for his kicking his cell door. However, plaintiff has no constitutional right to kick his cell door, and as

8

such, this activity cannot support a claim for retaliation.  Therefore, his retaliation claim against defendant Gomez is dismissed.

## IV.  CONCLUSION

Accordingly, it is therefore ORDERED that:

(1)    Plaintiff's excessive force claim against Lieutenant Gomez, Officer Haller, Officer Martinez, and Officer Sorenson in their individual capacities are retained on the Court's docket, and service shall be ordered on these defendants.

(2)    Plaintiff's remaining claims are dismissed for failure to state a claim.

ORDERED this 21st day of August 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE