IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWIN GUS SCHNEIDER #10165747 | § § | |
| v. | § § | C.A. NO. C-12-233 |
| JIM KAELIN, ET AL. | § | |

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S REPLY TO THEIR ANSWERS**

Plaintiff is a state inmate who filed a civil rights action pursuant to 42 U.S.C. § 1983. Pending is defendants' joint motion to strike plaintiff's response in opposition to defendants' original answer. (D.E. 54).

## I. BACKGROUND

On July 17, 2012, plaintiff filed his complaint. (D.E. 1). On August 21, 2012, an order for service of process was issued. (D.E. 16). On September 1, 2012, defendants Mildred Gomez, Chris Haller, and Michael Martinez filed their answer. (D.E. 23). On September 4, 2012, defendant Joshua Sorensen filed his answer. (D.E. 25).

On January 11, 2013, plaintiff filed his response in opposition. (D.E. 46). He did not seek leave to file this replay, nor was he granted permission to do so.

On January 25, 2013, defendants filed a motion for summary judgment. (D.E. 51). Plaintiff's opposition to that motion is due no later than March 11, 2013. (D.E. 53).

## II. DISCUSSION

Rule 7 of the Federal Rules of Civil Procedure addresses the filing of pleadings, including the filing of answers. In relevant part, it states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added). Rule 7 was created in order to make federal litigation more efficient. 5 Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1181 (3d ed. 2004).

Pursuant to the Federal Rules of Civil Procedure, a reply to an answer is unnecessary. <u>Garner v. Morales</u>, 237 F.R.D. 399, 400 (S.D. Tex. 2006) (citation omitted). "More important, Rule 7(a) establishes that plaintiffs may not file a reply to an answer except in specific circumstances" generally a court order for such a reply. <u>Id.</u> (citations omitted).

Rule 7(a) provides judges with discretion to allow the filing of a reply to an answer. Again, plaintiff does not provide any basis for an extension of time regarding the answer. He has failed to provide any reason why a reply is necessary. "Indeed, such replies typically do not enhance the efficiency of the litigation." <u>Id.</u> (citation omitted).

### III. CONCLUSION

Here, the filing of the reply to the answer is a violation of the Federal Rules of Civil Procedure. At the same time, it does not appear to be the most efficient use of limited time to seek to have it struck, as plaintiff may include anything already in that response in his opposition to the motion for summary judgment. Nonetheless, defendants' joint motion to strike plaintiff's

response in opposition to defendants' original answer, (D.E. 54), is hereby GRANTED.

ORDERED this 22nd day of Februuary 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE